968 F.2d 1227
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Joan N. JOHNSON, as mother and natural guardian of Tiffany
Joan Johnson, Petitioner,
v.
SECRETARY, DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.
 No. 91-5137.
 United States Court of Appeals, Federal Circuit.
 May 15, 1992.
 
 Before RICH, Circuit Judge, SKELTON, Senior Circuit Judge, and MICHEL, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Joan N. Johnson, mother and natural guardian of Tiffany Joan Johnson, petitioner, appeals from the June 24, 1991, decision of the United States Claims Court upholding and affirming the decision of the special master denying compensation under the National Childhood Vaccine Act of 1986, 42 U.S.C.A. § 300aa-12(e) (the Act). We affirm.
 
 DISCUSSION
 
 2
 Tiffany was born a healthy baby on July 5, 1983. She received a diptheria-pertussis-tetanus (DPT) vaccine shot on August 31, 1983, in the office of a Dr. Edward A. Dudley. She had no further medical treatment until October 3, 1983, when she was again examined by Dr. Dudley who diagnosed her condition as possible myoclonic seizures that had begun about "two weeks ago". Subsequent medical records show that the onset of the seizures began when she was two and one-half months old. The Act provides that if an injury allegedly caused by the vaccine is listed in the Vaccine Injury Table and evidence shows that the onset of the injury occurred within three days after the vaccine is administered, it is called a "Table Injury". Where a table injury has been shown to exist by a preponderance of the evidence, there is a presumption that the vaccine caused the injury and an award of compensation is proper, unless the government proves by a preponderance of the evidence that something other than the vaccine caused the injury.
 
 
 3
 In this case, the petitioner produced evidence to prove that Tiffany's injury (encephalopathy or residual seizure disorder) first manifested itself within 24 hours after the vaccine was administered and, accordingly, the injury was a table injury. This evidence consisted of the testimony of Tiffany's mother, the petitioner, and several of her friends which was given at the trial seven years after the vaccination. The special master found that this testimony of interested parties contradicted the medical evidence that showed that the onset of the injury occurred two weeks after the vaccination. Therefore, he held that petitioner had not proven a table injury by a preponderance of the evidence, and accordingly, no presumption existed that entitled petitioner to an award of compensation under the Act, citing Bunting v. Secretary of the Dep't. of Health and Human Services., 19 Cl.Ct. 738, 752 (1990), 931 F.2d 867, rehearing denied (Fed.Cir.1991).
 
 
 4
 Even without a table injury, petitioner could still recover an award for Tiffany's injury if she could prove by a preponderance of the evidence that it was actually caused by the vaccination, regardless of when the injury was first detected. Petitioner attempted to make this proof by the testimony of Dr. Dudley, Dr. Maertens and Dr. Tardo. The special master found that the testimony of Drs. Maertens and Tardo was mainly based on evidence given to them by petitioner or her attorney. Dr. Dudley's evidence consisted mainly of his original medical records discussed above and subsequent tests he performed on Tiffany. The special master found this medical evidence insufficient to prove causal connection between the vaccine and Tiffany's injury. Consequently, he held that petitioner had failed to prove by a preponderance of the evidence that Tiffany's injury was actually caused by the vaccine, and he entered a judgment that petitioner did not qualify for an award in this case. Petitioner appealed from this decision to the Claims Court.
 
 
 5
 The Claims Court is a court of review and does not re-try the case. It only reviews and considers the findings of fact and the conclusions of law made by the special master. The Claims Court has the authority under the Act, after reviewing the record as a whole, to either uphold all of the special master's findings of fact and conclusions of law or hold that his decision was arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. In the latter case, the court may reverse some or all of the findings of fact and conclusions of law of the special master and make its own findings and conclusions. In this case it did the former; that is, it upheld all of the findings and conclusions of the special master and, consequently, made none of its own, and affirmed the decision of the special master denying an award to the petitioner. The petitioner then appealed to this court.
 
 
 6
 Like the Claims Court the Court of Appeals for the Federal Circuit is a court of review and we review and consider what the Claims Court did in this case. We do not re-try the case. Under the Act the findings of fact of the special master are final and binding on us, as well as on the Claims Court, unless the Claims Court has determined that the special master acted arbitrarily or capriciously in making them, which the Claims Court did not do in this case. Had the Claims Court ruled that the special master acted arbitrarily or capriciously in making his findings of fact and then made its own findings, we would then review those findings of the Claims Court to determine whether they are clearly erroneous. This did not happen. As the case now stands before us, we are bound by the findings of fact made by the special master and they are not before us for review. In the present posture of the case, there is nothing for us to review, except the issue of whether the Claims Court committed error as a matter of law in upholding the special master's findings and conclusions in toto, thus determining that he had not acted arbitrarily or capriciously in making his findings of fact and conclusions of law. The petitioner has not shown that the Claims Court erred as a matter of law in so holding, nor that its judgment was otherwise in error as a matter of law. We find no error in the decision of the Claims Court.
 
 
 7
 The judges of this court sympathize with Tiffany because of her condition and her parents for their ordeal connected with her problem, but we have no power to be of any help. We are required to interpret and apply the Vaccine Act as written and intended by Congress even though this may seem to be unjust to those involved.
 
 
 8
 The judgment of the Claims Court is affirmed.